## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| **KJ MITSCHKE**, individually, and on behalf of all others similarly situated, | : : : : | |
| | : | No.: |
| Plaintiff, | : | |
| v. | : | Hon. |
| | : | |
| **BROWN INTERNATIONAL CORPORATION, LLC**, | : : | Mag. |
| | : | |
| Defendant. | : : | |
| | : | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, KJ Mitschke ("Plaintiff"), hereby brings this Collective and Class Action Complaint against Defendant Brown International Corporation, LLC ("Defendant"), and states as follows:

## INTRODUCTION

1.      This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, individually and on behalf of all similarly situated persons employed by Defendant, arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the California Labor Code ("Labor Code"), the California Industrial Welfare Commission ("IWC") Wage Order No. 4, the California Business & Professions Code § 17200, *et seq.*, and common law.

2.      Defendant is in the machinery manufacturing business.[1] Its machinery "is used to process a wide variety of fruit and vegetables" and is utilized "in the poultry protein recovery,

---

[1] http://www.brown-intl.com/About-Us.html (last visited July 31, 2024).

1

fish processing and cheese industries" and in "wastewater treatment facilities."[2]

3.       Defendant employed Plaintiff and other non-exempt hourly employees with job titles that included, but were not limited to, Electro Mechanic Grade I, Lead Service Mechanic, and Industrial Maintenance Technician, (collectively referred to as "Hourly Employees") within the meaning of the FLSA and California state law.

4.       Plaintiff and the Hourly Employees regularly worked beyond 40 hours in a workweek and eight (8) or more hours in a workday but were not paid (either regular or overtime wages) for all hours worked.

5.       For example, Plaintiff and the Hourly Employees were required to perform work tasks before and after their scheduled shifts, when they were not logged into Defendant's ADP timekeeping system. This timekeeping procedure, along with Defendant's unlawful time rounding policy, resulted in Hourly Employees not being paid for all overtime hours worked, overtime gap time when associated with unpaid overtime, and in non-overtime workweeks for regular hours.

6.       More specifically, Defendant failed to compensate Plaintiff and the Hourly Employees for the substantial time they spent fielding calls from team-mates and Defendant's customers regarding, among other things, equipment troubleshooting.

7.       From time to time, Plaintiff and the Hourly Employees were required to work and did work seven (7) or more consecutive days for Defendant.

8.       The FLSA and California law require employers to compensate employees for work performed beyond 40 hours in each given workweek at a rate of, at least, one and one-half times the employees' regular rates.

---

[2] *Id.*

2

9.     California law further requires that employers pay employees minimum wages for all hours worked, including the off-the-clock work outlined herein, and pay them at a rate of one-half times their regular rate of pay for all hours worked in excess of eight (8) hours in a workday up to twelve (12) hours in a workday, in excess of forty (40) hours in a workweek, and for the first eight (8) hours of work on the seventh (7th) consecutive day or a workweek; and compensation at the rate of twice their regular rate of pay for all hours worked in excess of twelve (12) hours in a workday.

10.    At all relevant times, and as a matter of company policy, practice, and procedure, Defendant intentionally, knowingly, and systematically failed and refused to pay Plaintiff and the Hourly Employees minimum wage for all hours worked, including the off-the-clock work outlined herein, and overtime premiums for overtime hours worked beyond 40 in a workweek and eight (8) in a workday. Defendant's conduct in that regard amounts to a willful violation of the overtime provisions of the FLSA and California state law.

11.    California law additionally requires employers to provide employees with legally compliant meal and rest breaks.

12.    Specifically, the law provides that employees working more than five (5) hours in a day are entitled to an off-duty meal period of not less than 30 minutes. A second meal period of not less than 30 minutes is required if the employee works more than 10 hours per day.

13.    At all relevant times, and as a matter of company policy, practice, and procedure, Defendant intentionally, knowingly, and systematically deprived Plaintiff and the Hourly Employees of off-duty meal periods of not less than 30 minutes when they worked more than five (5) hours in a day and a second meal period of not less than 30 minutes when they worked more than 10 hours in a day.

14.     Similarly, California law provides that employees are entitled to a paid 10-minute rest period for every four (4) hours worked or major fraction thereof.

15.     At all relevant times, and as a matter of company policy, practice, and procedure, Defendant intentionally, knowingly, and systematically deprived Plaintiff and the Hourly Employees of legally compliant 10-minute paid rest periods for every four (4) hours worked or major fraction thereof.

16.     At all relevant times, and as a matter of company policy, practice, and procedure, Defendant intentionally, knowingly, and systematically failed to pay premium wages for missed meal and/or rest breaks.

17.     California law provides that an employer must indemnify its employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

18.     At all relevant times, and as a matter of company policy, practice, and procedure, Defendant intentionally, knowingly, and systematically failed to reimburse and indemnify Plaintiff and the Hourly Employees for all necessary business expenditures they incurred in direct consequence of the discharge of the employees' job duties despite being aware of its obligation to do so.

19.     At all relevant times, Defendant failed to issue to Plaintiff and the Hourly Employees accurate itemized wage statements showing, among other things, all applicable hourly rates in effect during the pay periods and the corresponding amount of time worked at each hourly rate.

20.     At all relevant times, Additionally, Defendant maintained an unlawful time rounding policy that regularly and systematically resulted in Defendant's Hourly Employees, including Plaintiff, being underpaid both straight time and overtime to which they were entitled.

21.     Defendant's uniform policies and practices outlined herein were unlawful, unfair, and deceptive business practices whereby Defendant purposely avoided the accurate and full payment for all time worked as required by California law and retained and continues to retain wages due to Plaintiff and the Hourly Employees.

22.     Plaintiff seeks a declaration that his rights, and the rights of the putative Collective and Class members, were violated, a judgment awarding him unpaid back wages, liquidated damages, attorneys' fees and costs to make him and the putative Collective and Class whole for damages they suffered, and any other legal and equitable remedies to which he may be entitled, and to help ensure Defendant will not subject future workers to the same illegal conduct in the future.

23.     At the earliest time possible, Plaintiff will request that the Court authorize notice of this action pursuant to 29 U.S.C. § 216(b) to all similarly situated employees who worked for Defendant at any time in the past three years.

24.     To the extent equitable tolling operates to toll the claims by Plaintiff, the putative Collective, and the Class against Defendant, the class period should be adjusted accordingly.

## JURISDICTION AND VENUE

25.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claim, pursuant to 28 U.S.C. § 1331, because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq.*

26.     Additionally, this Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction."

27.     Defendant's annual sales exceed $500,000, and Defendant employs more than two individuals; thus, the FLSA applies in this case on an enterprise basis. Defendant's Hourly Employees engage in interstate commerce and, therefore, they are also covered by the FLSA on an individual basis.

28.     This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367 because they originate from the same facts that form the basis of his federal claims.

29.     This Court has personal jurisdiction over Defendant because Defendant conducts business within the state of Colorado, employs individuals within the state of Colorado, and is registered with the Colorado Secretary of State.

30.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant conducts business in this District and a substantial portion of the events that give rise to the Plaintiff's claims occurred in this District.

## **PARTIES**

31.     Plaintiff KJ Mitschke is a resident of Ventura, California and worked for Defendant as a non-exempt Hourly Employee, with the specific job titles of Electro Mechanic Grade I and Lead Service Mechanic, from approximately August 2021 through July 2022. Defendant compensated Plaintiff through the payment of an hourly rate, most recently $36.31. In addition to his base rate of pay, Defendant promised Plaintiff shift premium pay and performance

awards. Plaintiff Mitschke signed a consent to join this collective action, which is attached as **Exhibit A**.

32.     Additional Collective members were or are employed by Defendant as Hourly Employees during the past three (3) years and their consent forms will also be filed in this case.

33.     Defendant Brown International Corporation, LLC is a foreign limited liability company, registered with the Colorado Secretary of State (ID No. 20211200766), and maintains its principal office at 7304 South Joliet Street, Suite 300, Englewood, Colorado 80112. Defendant's registered agent for service of process is listed as C T Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112.

## GENERAL ALLEGATIONS

34.     Prior to hiring prospective Hourly Employees, Defendant provided them with a written offer setting forth the job requirements and hourly rate of pay.

35.     Defendant maintained documentation of the promised wage for each Hourly Employee including, but not limited to: offer letters, paystubs, and/or payroll records.

36.     Plaintiff received an offer to work as an Hourly Employee for Defendant, and he accepted the offer with the understanding that his base hourly rate would be paid for all hours worked. As explained herein, Defendant failed to pay Plaintiff and other Hourly Employees for all hours worked as promised.

37.     Plaintiff performed under the agreement by carrying out his job duties and responsibilities, which included, but were not limited to, inspecting sites to identify problems and necessary maintenance; performing machine preventative and mechanical maintenance; maintaining and repairing shop equipment; conducting safety inspections; assigning and

delegating work; and assisting co-workers and team members improve their skills. Plaintiff additionally performed the required unpaid off-the-clock work explained below.

38.     Defendant paid its Hourly Employees at varying hourly rates.

39.     Defendant's Hourly Employees, including Plaintiff, typically worked five or more days each week, eight (8) to 12-hour shifts, depending on business needs, and forty (40) or more hours per week.

40.     Defendant provided training to Hourly Employees, on, *inter alia*, how to carry out their day-to-day job duties; how to track their time; and Defendant's policies. The training that Defendant provided to all of its Hourly Employees was substantially, if not entirely, the same.

41.     At all relevant times, Defendant controlled Plaintiff's and all other Hourly Employees' work schedules, duties, protocols, assignments, and employment conditions, and used the ADP timekeeping system to log its Hourly Employees' hours.

42.     Defendant instructed Plaintiff and other Hourly Employees to be present and ready to work in accordance with their scheduled shifts, and permitted them to clock in and out for their shifts up to seven (7) minutes before and after their shifts, respectively.

43.     Defendant maintained an unlawful rounding policy pursuant to which it rounded employee clock-in times to the start of the scheduled shift if the Hourly Employee clocked in before their start-of-shift time and rounded employee clock-out times to the end of the scheduled shift if they clocked out after their end-of-shift time.

44.     Upon information and belief, the reason Defendant's policy was and is unlawful is because Hourly Employees, like Plaintiff, were always deprived of the opportunity to benefit from rounding.

**A.** __Off-the-Clock Minimum Wage and Overtime Violations__

45.     In performing their job duties for Defendant, and while using their personal cell phones, Plaintiff and the Hourly Employees regularly fielded customer and team-member calls before the start and after the end of their scheduled shifts.

46.     More specifically, Plaintiff answered customer inquiries regarding, for example, items that required submission; the status of machinery technical issues and ordered parts; and scheduled weekend work, and assisted second shift team-members with questions regarding Defendant's machinery and troubleshooting.

47.     Plaintiff and the Hourly Employees were required to answer these calls as part of their job responsibilities.

48.     The time Plaintiff and the Hourly Employees spent fielding calls off-the-clock was substantial, anywhere from 15 minutes to four (4) hours every shift.

49.     Plaintiff and Defendant's Hourly Employees were not compensated for all of this time because (1) they could not anticipate when they would receive calls; (2) it was impracticable, due to the volume of incoming calls, to clock in and out for every call and to track the same; (3) Defendant did not have a process by which Plaintiff and the Hourly Employees were to track such off-the-clock work and submit the same for payment; and (4) Defendant failed and refused to compensate Plaintiff and the Hourly Employees for all time they submitted outside of Defendant's timekeeping system.

50.     Additionally, Defendant often required Plaintiff to be present and ready to work at 5:30 a.m. on Monday mornings so he could ensure customer production would start promptly at 6:00 a.m.

51.     On these days, Plaintiff clocked into Defendant's ADP timekeeping system at 5:25 a.m. and started working immediately thereafter. However, due to Defendant's unlawful time-rounding Policy, Plaintiff's clock-in time was rounded to 5:30 a.m. and he was not paid for compensable work time.

52.     The pre- and post-shift off-the-clock work Hourly Employees performed directly benefited Defendant and was integral and indispensable to their job duties and responsibilities as Hourly Employees.

53.     Defendant's management knew or should have known that Plaintiff and other Hourly Employees performed this work off-the-clock, but nevertheless failed and refused to compensate them for it. More specifically, Plaintiff told supervisor Jeff Nice (Service Manager); Aaron Meyers; Liz (last name unknown) in the payroll department; and Stephanie Loyde in Human Resources, that he was fielding calls before and after the start and end of his scheduled shifts. When Plaintiff submitted his off-the-clock work to Defendant, Defendant did not properly compensate him for it.

54.     Defendant's company-wide policy deprived Plaintiff and the Hourly Employees of compensation for all overtime hours worked, overtime gap time when associated with unpaid overtime, and in non-overtime workweeks for regular hours.

**B.  Meal and Rest Period Violations**

55.     The Labor Code and Wage Order No. 4 require employers to provide employees working more than five (5) hours in a day with an off-duty meal period of not less than 30 minutes. It additionally requires that employers provide a second meal period of not less than 30 minutes if the employee works more than 10 hours per day.

56.     California law further provides that employees are entitled to a paid 10-minute rest period for every four (4) hours worked or major fraction thereof.

57.     Employees must be relieved from all work tasks during their meal and rest periods.

58.     If an employer fails to provide an employee with a mandated meal or rest period, Labor Code § 226.7(c) requires the employer to pay the employee "one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period [wa]s not provided."

59.     Labor Code § 558(a)(1)-(2) additionally requires that an employer who has failed to provide an employee with a mandated meal period pay "fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages" and "[f]or each subsequent violation, one hundred dollars ($100)…"

60.     At all relevant times, and as a matter of company policy, practice, and procedure, Defendant intentionally, knowingly, and systematically deprived Plaintiff and the Rule 23 California Class members of off-duty meal periods of not less than 30 minutes when they worked more than five (5) hours in a day and a second meal period of not less than 30 minutes when they worked more than 10 hours in a day.

61.     At no point during their employment did Plaintiff and/or the Rule 23 California Class members waive their meal or rest periods.

62.     During many shifts, and as a result of understaffing, equipment issues, and rigorous work schedules, Plaintiff and the Rule 23 California Class members were unable to take 30-minute off-duty meal breaks and/or uninterrupted 10-minute rest periods because they were interrupted by work tasks while clocked out.

11

63.     For instance, team-members regularly radioed Plaintiff on Defendant's walkie-talkie system during his 30-minute meal periods and/or 10-minute rest breaks to ask Plaintiff for his assistance or input on machinery faults, resetting machinery, and troubleshooting repairs.

64.     At no point during their employment did Defendant provide Plaintiff and/or the Rule 23 California Class members with one-hour wages in lieu of their meal and/or rest periods, or the required compensation outlined in Labor Code § 558(a)(1)-(2).

65.     Pursuant to Wage Order No. 4, employers, including Defendant, are required to pay employees, including Plaintiff and the Rule 23 California Class members, for all their time worked, meaning time during which the employees are subject to the employer's control, including all time the employee is suffered or permitted to work.

66.     At all relevant times, Defendant required Plaintiff and the Rule 23 California Class members to work without paying them for all time they were under Defendant's control, including time when they were clocked out for what should have been their off-duty meal or rest breaks.

67.     As a result, Plaintiff and the Rule 23 California Class forfeited minimum wage and overtime compensation by working without their time being accurately recorded.

**C.  Wage Statement Violations**

68.     From at least four (4) years prior to the filing of this lawsuit, and continuing to the present, Defendant consistently failed to furnish Plaintiff and the Rule 23 California Class members with accurate itemized wage statements in writing showing, among other things, (1) gross wages earned; (2) total hours worked; (3) net wages earned; (4) all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate; (5) the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period; and (6) the total hours of other

nonproductive time, the rate of compensation, and the gross wages paid for that time during the pay period.

69.     As a result, Defendant systematically violated Labor Code § 226.

70.     Defendant's violations were knowing and/or intentional, were not isolated, and were not due to an unintentional payroll error due to clerical error or inadvertent mistake.

**D.  Unreimbursed Business Expenses**

71.     At all relevant times, Defendant required Plaintiff and the Rule 23 California Class to use their personal cell phones, home internet, and personal vehicles as part of their job duties as employees for Defendant.

72.     More specifically, Plaintiff and the Rule 23 California Class regularly used their personal cell phones to communicate with Defendant's customers and other employees. They also utilized their personal computer and home internet to access Defendant's Maintenance Connection and create and complete customer work orders.

73.     Plaintiff and the Rule 23 California Class also utilized their personal vehicles to visit local hardware stores and to purchase various items for Defendant's plant (for example, locks).

74.     At all relevant times, Defendant required Plaintiff and the Rule 23 California Class to wear specific uniforms, which Plaintiff and the Rule 23 California Class were required to clean and maintain at their own expense.

75.     Defendant did not provide a sufficient supply of uniform shirts for Plaintiff to wear during the workweek, and required Plaintiff to incur additional business expenses custom-making long sleeves with Defendant's emblem. Plaintiff estimates that the customized shirts cost him approximately $100.

76.     Defendant additionally required that Plaintiff and the Hourly Employees wear denim pants, as part of their uniform, but failed to provide such items to its Hourly Employees, like Plaintiff, or reimburse them for the same. As a result, Plaintiff and the Hourly Employees incurred necessary business expenses purchasing denim pants to wear as part of their uniform. When Plaintiff asked whether the denim pants were a reimbursable business expense, Defendant responded in the negative.

77.     Defendant also required that Plaintiff and the Hourly Employees wear safety goggles in the course of their job duties but failed to provide such items to Plaintiff and the Hourly Employees, or reimburse them for the same.

78.     California Labor Code § 2802 provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

79.     As a result, in the course of their employment with Defendant, Plaintiff and the Rule 23 California Class incurred unreimbursed business expenses that included, but were not limited to, costs related to uniforms and the use of their personal cellular phones, home internet, and personal vehicles all on behalf and for the benefit of Defendant.

80.     As a matter of corporate policy, practice, and procedure, and from four (4) years prior to the filing of this lawsuit and continuing to the present, Defendant intentionally, knowingly, and systematically failed to reimburse and indemnify Plaintiff and the Rule 23 California Class for the above-described necessary business expenses that Plaintiff and the Rule 23 California Class incurred in direct consequence of discharging their duties on behalf of Defendant.

### E. **Violations for Untimely Payment of Wages**

81.     Pursuant to California Labor Code § 204, Plaintiff and the Rule 23 California Class were entitled to timely payment of wages during their employment. Plaintiff and the Rule 23 California Class did not receive payment of all wages, including, but not limited to, all minimum, regular, overtime, and meal and rest period premium wages within the permissible time period.

### F. **Timekeeping Manipulation**

82.     At all relevant times, Defendant did not have an immutable timekeeping system to accurately record and pay Plaintiff and the Rule 23 California Class for the actual time they worked each day, including regular time, overtime, and meal and rest periods. As a result, Defendant was able to and did in fact, unlawfully, and unilaterally alter Plaintiff and the Rule 23 California Class's time recorded in Defendant's timekeeping system in order to avoid paying the employees for all hours worked, applicable overtime compensation, and missed meal and rest period time.

83.     As a result, Plaintiff and the Rule 23 California Class, from time-to-time, forfeited time worked by working without their time being accurately recorded and without compensation at applicable pay rates.

84.     As a result, Plaintiff and the Rule 23 California Class forfeited wages due them for all hours worked at Defendant's direction, control, and benefit for the time not properly recording by Defendant's timekeeping system. Defendant's business records illustrate the company's uniform policy and practice of not paying Plaintiff and the Rule 23 California Class wages for all hours worked in accordance with applicable law.

### **COLLECTIVE ACTION ALLEGATIONS**

85.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of himself and on behalf of:

*All current and former hourly employees who work or have worked for Defendant at any time during the past three years.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

86.     Excluded from the proposed FLSA Collective are Defendant's executives, administrative and professional employees, including computer professionals and outside salespersons.

87.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated.

88.     Consistent with Defendant's policies and practice, Plaintiff and the proposed FLSA Collective were not paid for all straight and/or premium overtime compensation in workweeks during which they worked forty (40) hours or more when considering the uncompensated off-the-clock work discussed herein.

89.     All of the work Plaintiff and the proposed FLSA Collective performed was assigned by Defendant, and/or Defendant was aware of all of the work the Plaintiff and the proposed FLSA Collective performed.

90.     Defendant was aware, or should have been aware, that federal law required it to pay Plaintiff and the proposed FLSA Collective members for all hours worked and an overtime premium for all hours worked in excess of forty (40) per workweek.

91.     As part of its regular business practices, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective members. This policy and pattern or practice included, but was not limited to:

        a.  Willfully failing to pay its employees, including Plaintiff and the FLSA

16

Collective members for all regular hours they worked off-the-clock in non-overtime workweeks;

b. Willfully failing to pay its employees, including Plaintiff and the FLSA Collective members, for all overtime gap time and premium overtime wages for hours they worked off-the-clock in excess of forty (40) hours per workweek; and

c. Willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective members, worked for the benefit of Defendant.

92.     Defendant's unlawful conduct was (and is) widespread, repeated, and consistent.

93.     A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

94.     The employment relationships between Defendant and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues are the same for every proposed FLSA Collective member, to wit: whether the FLSA Collective members are: (1) required to work without compensation due to the herein described pre- and post-shift off-the-clock work; and (2) entitled to their regular hourly wage in non-overtime workweeks, overtime gap time in applicable weeks and overtime for hours worked over forty (40) in a week.

95.     Plaintiff estimates the FLSA Collective, including both current and former Hourly Employees over the relevant period, includes dozens, if not hundreds, of members. The precise number should be readily available from a review of Defendant's personnel and payroll records.

96.     The FLSA Collective should be notified of this action and allowed to opt-in, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective members, who have been unlawfully deprived of pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

## RULE 23 CALIFORNIA STATE LAW CLASS ACTION ALLEGATIONS

97.     Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on behalf of himself and on behalf of:

> *All current and former hourly employees who work or worked for Defendant in California during the applicable statutory period.*

(herein referred to as the "Rule 23 California Class"). Plaintiff reserves the right to amend this definition if necessary.

98.     The members of the Rule 23 California Class are so numerous that joinder of all Rule 23 California Class members in this case would be impractical. Plaintiff reasonably estimates there are dozens, if not hundreds, of Rule 23 California Class members. Rule 23 California Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

99.     There is a well-defined community of interests among Rule 23 California Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 California Class. These common legal and factual questions, include, but are not limited to, the following:

    a.  Whether Rule 23 California Class members performed unpaid pre- and post-shift work activities, and if so, whether such work activities are compensable;

    b.  Whether Defendant engaged in a policy or practice of failing to pay each Rule 23 California Class member minimum wage for each non-overtime hour

18

worked;

c. Whether Defendant engaged in a policy or practice of failing to pay each Rule 23 California Class member overtime compensation for each overtime hour worked;

d. Whether Rule 23 California Class members are owed wages for time spent performing pre- and post-shift work activities, and if so, the appropriate amount thereof; and

e. Whether Defendant maintained legally compliant meal period policies and practices;

f. Whether Defendant failed to pay Plaintiff and the Rule 23 California Class members accurate premium payments for off-the-clock meal period time;

g. Whether Defendant failed to provide each Rule 23 California Class member with at least one 30-minute meal period on every workday of at least five (5) hours and a second 30-minute meal period on every workday of at least 10 hours as required by the California Labor Code and Wage Order No. 4;

h. Whether Defendant maintained legally compliant rest period policies and practices;

i. Whether Defendant failed to pay Plaintiff and the Rule 23 California Class accurate premium payments for off-the-clock rest period time;

j. Whether Defendant failed to provide each Rule 23 California Class member with 10-minute rest breaks every four (4) hours as required by the California Labor Code and Wage Order No. 4;

k. Whether Plaintiff and the Rule 23 California Class incurred required business expenses;

l. Whether Defendant failed to compensate Plaintiff and the Rule 23 California Class for required business expenses;

m. Whether Defendant committed an act of unfair competition by systematically failing to record and pay Plaintiff and the Rule 23 California Class for all time worked;

n. Whether Defendant committed an act of unfair competition by systematically failing to record all meal periods missed by Plaintiff and the Rule 23 California Class even though Defendant enjoyed the benefit of this work, and suffered and permitted, if not required, Plaintiff and the Rule 23 California Class to perform this work;

19

    o.  Whether Defendant committed an act of unfair competition by systematically failing to record all rest periods missed by Plaintiff and the Rule 23 California Class even though Defendant enjoyed the benefit of this work, and suffered and permitted, if not required, Plaintiff and the Rule 23 California Class to perform this work;

    p.  Whether Defendant failed to furnish Plaintiff and the Rule 23 California Class with accurate itemized wage statements;

    q.  Whether Defendant was able to and did in fact alter Plaintiff and the Rule 23 California Class's time recorded in Defendant's timekeeping system in order to avoid paying the employees for all hours worked, applicable overtime compensation, and missed meal and rest period time; and

    r.  Whether Defendant should be required to pay compensatory damages, attorneys' fees, penalties, costs, and interest for violating California state law.

100.    Plaintiff's claims are typical of those of the Rule 23 California Class in that he and all other Rule 23 California Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 California Class members' claims and his legal theories are based on the same legal theories as all other Rule 23 California Class members.

101.    Plaintiff will fully and adequately protect the interests of the Rule 23 California Class and Plaintiff retained counsel who are qualified and experienced in the prosecution of nationwide wage-and-hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 California Class.

102.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 California Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

103.     This case will be manageable as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case and Defendant has advanced networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

104.     Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

105.     Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 California Class, and because declaratory relief is appropriate in this case with respect to the Rule 23 California Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## **RULE 23 NATIONWIDE CLASS ACTION ALLEGATIONS**

106.     Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on behalf of himself and on behalf of:

> ***All current and former hourly employees who work or worked for Defendant during the applicable statutory period.***

(herein referred to as the "Rule 23 Nationwide Class"). Plaintiff reserves the right to amend this definition if necessary.

107.     The members of the Rule 23 Nationwide Class are so numerous that joinder of all Rule 23 Nationwide Class members in this case would be impractical. Plaintiff reasonably estimates there are hundreds (if not thousands) of Rule 23 Nationwide Class members. Rule 23 Nationwide Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

108.     There is a well-defined community of interests among Rule 23 Nationwide Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Nationwide Class. These common legal and factual questions, include, but are not limited to, the following:

      a.   Whether the pre- and post-shift time Rule 23 Nationwide Class members spent fielding customer and team-member calls each shift is compensable time under applicable law;

      b.   Whether Defendant's non-payment of wages for all compensable time amounted to a breach of contract; and

      c.   Whether Defendant's non-payment of wages for all compensable time resulted in an unjust enrichment to Defendant.

109.     Plaintiff's claims are typical of those of the Rule 23 Nationwide Class in that she and all other Rule 23 Nationwide Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 Nationwide Class members' claims and her legal theories are based on the same legal theories as all other Rule 23 Nationwide Class members.

110.     Plaintiff will fully and adequately protect the interests of the Rule 23 Nationwide Class and Plaintiff retained counsel who are qualified and experienced in the prosecution of nationwide wage-and-hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Nationwide Class.

111.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Nationwide Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

112.    This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendant has advanced networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

113.    Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

114.    Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Nationwide Class, and because declaratory relief is appropriate in this case with respect to the Rule 23 Nationwide Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT,
## 29 U.S.C. § 201, et seq. -- FAILURE TO PAY OVERTIME

115.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

116.    At all times relevant to this action, Defendant was subject to the mandates of the FLSA, 29 U.S.C. § 201, *et seq*.

117.    At all times relevant to this action, Defendant was engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

118.    At all times relevant to this action, Plaintiff and the FLSA Collective were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

119.    At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and the FLSA Collective to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g)

of the FLSA.

120.     Plaintiff and other FLSA Collective members, by virtue of their job duties and activities actually performed, were all non-exempt employees.

121.     Plaintiff either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

122.     The FLSA requires an employer to pay employees for all hours worked and the federally mandated overtime premium rate of 1.5 times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

123.     The FLSA requires all employers to keep accurate payroll records and time records for at least three (3) years (including all basic timecards and daily starting/stopping times of individual employees). *See* 29 U.S.C. § 211(c); 29 C.F.R. 516.1, *et seq*.

124.     At all times relevant to this action, Defendant engaged in an unlawful policy and practice of requiring Plaintiff and all the proposed FLSA Collective members to perform off-the-clock work, every shift, and failed to pay these employees their regular hourly rate for all hours worked in non-overtime workweeks, overtime gap time in weeks where it occurred and the federally mandated overtime compensation for all work performed over forty (40) hours per week.

125.     The off-the-clock work performed every shift by Plaintiff and the proposed FLSA Collective members was an essential part of their jobs and these activities and the time associated with these activities was significant.

126.     In workweeks where Plaintiff and other FLSA Collective members worked forty (40) hours or more, or close enough to forty (40) hours to have worked over forty (40) hours when considering the uncompensated off-the-clock work time discussed herein, all of this overtime

should have been paid at the federally mandated rate of 1.5 times each employee's regular hourly wage, including a shift differential where applicable. 29 U.S.C. § 207. Further, all "gap time" should have been paid at Plaintiff's and the FLSA Collective's regular hourly rate.

127.    Defendant maintained an unlawful time-rounding policy that did not comply with 29 C.F.R. § 785.48(b) because the policy did not "average out so that the employees [we]re fully compensated for all the time they actually work," and instead "result[ed], over a period of time, in a failure to compensate the employees properly for all the time they have actually worked." *Id.*

128.    As a result of Defendant's unlawful policies and practices (including Defendant's rounding policy), Plaintiff and the FLSA Collective members were deprived of both straight time and overtime wages in violation of the FLSA.

129.    Defendant's violations of the FLSA were knowing and willful. Defendant could have easily accounted for and properly compensated Plaintiff and the proposed FLSA Collective members for all work activities, but did not.

130.    As a result of the foregoing, Plaintiff was injured and seek appropriate relief against Defendant including unpaid wages, an additional equal amount in liquidated damages (double damages), reasonable attorneys' fees and costs, interest, and all other relief just and appropriate under the circumstances.

**COUNT II**
**RULE 23 CALIFORNIA CLASS ACTION VIOLATIONS OF CALIFORNIA LABOR CODE §§ 223, 1194, 1194.2, 1197, 1197.1 AND IWC WAGE ORDER NO. 4 – FAILURE TO PAY MINIMUM AND REGULAR WAGES FOR ALL HOURS WORKED**

131.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

132.    At all relevant times, Plaintiff and the Rule 23 California Class were required to and regularly performed the pre- and post-shift activities described herein and were not compensated for the time they spent performing such work.

133.     Cal. Lab. Code § 204, other applicable laws, regulations, and public policy, provide that an employer must timely pay its employees for all hours worked.

134.     Labor Code §§ 223, 1194, 1194.2, 1197, 1197.1 and the IWC Wage Order No. 4 provide that employees must be paid no less than the applicable minimum and regular wage for all hours worked.  *See also Armenta v. Osmose, Inc*., 135 Cal. App. 4th 314, 323 (2005) (indicating that the Labor Code requires payment for all hours worked at the employee's regular rate of pay).

135.     At all relevant times, Defendant regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to Plaintiff and the Rule 23 California Class, including minimum and regular wages for all hours worked, specifically the off-the-clock work activities alleged in this Complaint.

136.     Plaintiff and the Rule 23 California Class were entitled to receive wages at the lawful minimum wage rate for all hours worked as alleged in this Complaint. Defendant's failure to pay such wages, as alleged above, was a willful violation of Labor Code §§ 223, 1194, 1194.2, 1197, 1197.1 and the Wage Order No. 4.  Plaintiff and the Rule 23 California Class were also entitled to receive wages at their regular rates of pay for all hours worked including the off-the-clock paperwork activities alleged in this Complaint.  *See Armenta, supra*, at 323.

137.     By virtue of Defendant's unlawful failure to accurately pay Plaintiff and the Rule 23 California Class all earned compensation for the time they worked, Plaintiff and the Rule 23 California Class suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

138.     Plaintiff demands, on behalf of himself and the Rule 23 California Class, payment of the unpaid balance of the full amount of wages due for unpaid time worked at the lawful minimum wage rate and their regular rate of pay, and including interest thereon, penalties,

26

liquidated damages, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2, as a result of Defendant's failure to pay minimum and regular wages for all time worked as required under California law.

**COUNT III**
**RULE 23 CALIFORNIA CLASS ACTION VIOLATIONS OF CALIFORNIA LABOR CODE §§ 510, 1194, 1194.2, 1198 AND IWC WAGE ORDER NO. 4 - FAILURE TO PAY OVERTIME COMPENSATION**

139.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

140.    At all relevant times, Plaintiff and the Rule 23 California Class were paid on an hourly basis and were therefore subject to the overtime requirements of California law because Defendant did not meet the requirements for any of the exemptions.

141.    Cal. Lab. Code § 204, other applicable laws, regulations, and public policy, provide that an employer must timely pay its employees for all hours worked.

142.    Labor Code §§ 510 and IWC Wage Order No. 4 § 3(A) provide that: (a) employees are entitled to compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of eight (8) hours in a workday up to twelve (12) hours in a workday, in excess of forty (40) hours in a workweek, and for the first eight (8) hours of work on the seventh (7th) consecutive day or a workweek; and (b) employees are entitled to compensation at the rate of twice their regular rate of pay for all hours worked in excess of twelve (12) hours in a workday, and in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

143.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit.

144.    Cal Lab. Code § 1198 provides that an employee's employment for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

145.    At all relevant times, Plaintiff and the Rule 23 California Class were required to

and regularly worked in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek.

146.    From time to time, Plaintiff and the Rule 23 California Class were required to work and did work seven (7) or more consecutive days for Defendant.

147.    At all relevant times, Defendant regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to its employees, especially overtime compensation.

148.    At all relevant times, Defendant intentionally, maliciously, fraudulently and with the intent to deprive Plaintiff and the Rule 23 California Class members of their ability to earn a living so as to reduce its labor costs, knowingly and willingly implemented a scheme or artifice to reduce or minimize the amount of compensation paid to Plaintiff and the Rule 23 California Class, especially overtime compensation.

149.    At all relevant times, and as a direct result of Defendant's unlawful wage practices alleged herein, Defendant failed and refused to pay Plaintiff and the Rule 23 California Class members for all time they worked, including overtime work.

150.    Labor Code § 515 outlines various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to Plaintiff and the Rule 23 California Class. Further, Plaintiff and the Rule 23 California Class are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, Plaintiff brings this Action on behalf of himself and the Rule 23 California Class based on Defendant's violations of non-negotiable, non-waivable rights provided by the State of California.

151.    Plaintiff and the Rule 23 California Class were entitled to receive overtime

compensation at their lawful regular rate of pay. Defendant's failure to pay lawful premium overtime wages, as alleged above, was a willful violation of Labor Code §§ 510, 1198, and IWC Wage Order No. 4.

152.    By virtue of Defendant's unlawful failure to accurately pay Plaintiff and the Rule 23 California Class all earned compensation for the time they worked, Plaintiff and the Rule 23 California Class suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

153.    Plaintiff demands payment of the unpaid balance of the full amount of wages due for unpaid time worked, as well as overtime premiums owed, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2 as a result of Defendant's failure to pay for all time worked and such premium compensation, as is required under California law.

### COUNT IV
### RULE 23 CALIFORNIA CLASS ACTION VIOLATIONS OF CALIFORNIA LABOR CODE §§ 226.7 AND 512 - FAILURE TO PROVIDE MEAL PERIODS

154.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

155.    Labor Code § 512, and IWC Wage Order No. 4 § 11(A) and (B) provide that an employer may not employ an employee for a work period of more than five (5) hours without providing the employee with a meal period of not less than thirty (30) minutes, and may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than (30) minutes.

156.    Labor Code § 226.7(a) prohibits employers from requiring employees to work during meal periods mandated by an applicable IWC Wage Order.

157.    At all relevant times, Plaintiff and the Rule 23 California Class regularly worked in

excess of five (5) or ten (10) hours in a day.

158.    At all relevant times, Defendant required Plaintiff and the Rule 23 California Class to work without paying them for all time they were under Defendant's control, including time when they were clocked out for what should have been their off-duty meal periods.

159.    At all relevant times, Defendant failed to provide Plaintiff and the Rule 23 California Class members with all legally required first and/or second off-duty meal periods as required by the Labor Code and Wage Order No. 4.

160.    Plaintiff and/or the Rule 23 California Class did not waive the meal periods to which they were entitled.

161.    Defendant purposefully elected not to provide Plaintiff and the Rule 23 California Class members with legally compliant meal periods, and Defendant acted willfully, oppressively, and in conscious disregard of Plaintiff and the Rule 23 California Class members' rights in failing to do so.

162.    At all relevant times, Defendant failed to provide Plaintiff and/or the Rule 23 California Class with one-hour wages in lieu of the meal periods not provided as required by Labor Code § 226.7(c), and the required compensation outlined in Labor Code § 558(a)(1)-(2).

163.    Defendant's failure to compensate Plaintiff and the Rule 23 California Class members with one-hour wages at each employee's regular rate of pay for in lieu of each meal period not provided violated California Labor Code §§ 226.7 and 512 and Wage Order No. 4.

164.    As a result, Plaintiff and the Rule 23 California Class forfeited minimum wage and overtime compensation by working without their time being accurately recorded.

165.     Upon information and belief, Defendant did not properly maintain records reflecting when Plaintiff and the Rule 23 California Class began and ended each meal period, in violation of Labor Code §1174 and IWC Wage Order No. 4 § 7(A).

166.     As a result of Defendant's knowing, willful, and intentional failure to provide legally compliant meal periods, Plaintiff and the Rule 23 California Class members are entitled to recover one (1) additional hour of pay at the employee's regular rate of pay for each work day that a meal period was not provided, pursuant to Labor Code § 226.7 and 1WC Wage Order No. 4 § 11(D) & 12(B), fifty dollars ($50) for each pay period for which the employee was underpaid and one hundred dollars ($100) for each subsequent violation, pursuant to Labor Code § 558(a)(1)-(2), and penalties, reasonable attorneys' fees, and costs pursuant to Labor Code §§ 218.5.

**COUNT V**
**RULE 23 CALIFORNIA CLASS ACTION VIOLATIONS OF CALIFORNIA LABOR CODE §§ 226.7 - FAILURE TO PROVIDE REST PERIODS**

167.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

168.     IWC Wage Order No. 4 § 12(A) provides that employers shall provide employees with an uninterrupted ten (10) minute rest period for every four (4) hours worked or major fraction thereof. These rest periods may not be deducted from the individual wages.

169.     At all relevant times, Plaintiff and the Rule 23 California Class regularly worked eight (8) or more hours in a day and were therefore entitled to at least two (2) 10-minute uninterrupted rest periods per shift.

170.     At all relevant times, Defendant failed to provide Plaintiff and the Rule 23 California Class members with legally required rest periods.

171.    At all relevant times, Defendant required Plaintiff and the Rule 23 California Class to work without paying them for all time they were under Defendant's control, including time when they were clocked out for what should have been their rest breaks.

172.    Plaintiff and/or the Rule 23 California Class did not waive the rest periods to which they were entitled.

173.    Defendant purposefully elected not to provide Plaintiff and the Rule 23 California Class members with legally compliant rest periods, and Defendant acted willfully, oppressively, and in conscious disregard of Plaintiff and the Rule 23 California Class members' rights in failing to do so.

174.    At all relevant times, Defendant failed to provide Plaintiff and/or the Rule 23 California Class with one-hour wages in lieu of the rest periods not provided as required by Labor Code § 226.7(c), and the required compensation outlined in Labor Code § 558(a)(1)-(2).

175.    Defendant's failure to compensate Plaintiff and the Rule 23 California Class members with one-hour wages at each employee's regular rate of pay for in lieu of each rest period not provided violated California Labor Code §§ 226.7 and Wage Order No. 4.

176.    As a result, Plaintiff and the Rule 23 California Class forfeited minimum wage and overtime compensation by working without their time being accurately recorded.

177.    As a result of Defendant's knowing, willful, and intentional failure to provide legally compliant rest breaks, Plaintiff and the Rule 23 California Class members are entitled to recover one (1) additional hour of pay at the employee's regular rate of pay for each work day that a rest period was not provided, pursuant to Labor Code § 226.7 and 1WC Wage Order No. 4 § 11(D) & 12(B), fifty dollars ($50) for each pay period for which the employee was underpaid and

one hundred dollars ($100) for each subsequent violation, pursuant to Labor Code § 558(a)(1)-(2), and penalties, reasonable attorneys' fees, and costs pursuant to Labor Code §§ 218.5.

**COUNT VI**
**RULE 23 CALIFORNIA CLASS ACTION VIOLATIONS OF CALIFORNIA**
**LABOR CODE §§ 226 AND 1174 - FAILURE TO PROVIDE ACCURATE**
**ITEMIZED WAGE STATEMENTS**

178.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

179.     Labor Code §§ 226 and 1174 provide that every employer shall, semi-monthly or at the time of payment of wages, furnish each employee, either as a detachable part of the check or separately, an accurate, itemized statement in writing showing: (1) Gross wages earned; (2) Total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Wage Commission; (3) All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) Net wages earned; (5) The inclusive dates of the period for which the employee is paid; (6) The name of the employee and his or her social security number or an employee identification number other than a social security number may be sown on the itemized statement; (7) The name and address of the legal entity that is the employer; and (8) All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

180.     At all relevant times, Defendant failed to maintain proper records and furnish Plaintiff and the Rule 23 California Class members, either semi-monthly or at the time of each payment of wages, an accurate, itemized statement conforming to the requirements of Labor Code §§ 226 and 1174.

181.     More specifically, Defendant failed to furnish Plaintiff and the Rule 23 California Class members with accurate wage statements in writing, showing, among other things, (1) gross wages earned; (2) total hours worked; (3) net wages earned; (4) all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate; (5) the total hours of compensable rest and recovery periods, the rate of compensation, and the gross

wages paid for those periods during the pay period; and (6) the total hours of other nonproductive time, the rate of compensation, and the gross wages paid for that time during the pay period.

182.    Defendant knew or should have known that Plaintiff and the Rule 23 California Class members were entitled to receive wage statements compliant with Labor Code § 226 and 1174, and Defendant willfully and intentionally failed to provide them with such accurate, itemized statements showing, for example, all hours worked and overtime calculations.

183.    Plaintiff demands that Defendant pay each and every Rule 23 California Class member fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100) for each subsequent violation, and all other damages and penalties available pursuant to Labor Code § 226.2(a)(6), up to a maximum of four thousand dollars ($4,000.00).

<u>COUNT VII</u>
<u>RULE 23 CALIFORNIA CLASS ACTION VIOLATIONS OF CALIFORNIA LABOR CODE §§ 201, 202, AND 203 – WAITING TIME PENALTIES</u>

184.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

185.    Lab. Code § 200 provides in relevant part:

> As used in this article: (a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation. (b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding

186.    Lab. Code § 201 provides, in relevant part, that "[i]f an employer discharged an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

187.    Cal. Lab. Code § 202 provides in relevant part:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice

shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

188.     There was no definite term in Plaintiff or the Rule 23 California Class members' employment agreements.

189.     Cal. Lab. Code § 203 provides, in relevant part:

If an employer willingly fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

190.     Plaintiff and the Rule 23 California Class members who ceased employment with Defendant are entitled to unpaid compensation, including, but not limited to, minimum and/or overtime wages, and premium pay and related penalties for missed meal and/or rest periods, but to date have not received such compensation.

191.     More than 30 days have passed since certain Rule 23 California Class members left Defendant's employ.

192.     As a consequence of Defendant's willful conduct in not paying compensation for all hours worked and overtime wages, the Rule 23 California Class members whose employment ended during the class period are entitled to 30 days' wages pursuant to Labor Code § 203, interest thereon, and attorneys' fees and costs.

<u>**COUNT VIII**</u>
<u>**RULE 23 CALIFORNIA CLASS ACTION VIOLATIONS OF CALIFORNIA LABOR CODE § 2802 - FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES**</u>

193.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

194.     Labor Code § 2802 provides in relevant part:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions

35

of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

195.    Plaintiff and the Rule 23 California Class members incurred necessary expenditures in the performance of their job duties for Defendant, namely, the use of their personal cellular phones, vehicles, home internet, and expenses related to obtaining, maintaining, and cleaning their uniforms for business-related purposes.

196.    From four (4) years prior to the filing of this lawsuit and continuing to the present, Defendant consistently failed to reimburse Class Members for these necessarily incurred business expenses.

197.    As a result of the unlawful acts of Defendant, Plaintiff and the Rule 23 California Class members have been deprived of reimbursement in amounts to be determined at trial and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

**COUNT IX**
**RULE 23 CALIFORNIA CLASS ACTION VIOLATIONS OF CAL.**
**BUS. & PROF. CODE §§ 17200 *et seq.*) - UNLAWFUL BUSINESS PRACTICES**

198.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

199.    Defendant is a "person" as defined under Cal Bus. and Prof. Code § 17021.

200.    California Business & Professions Code §§ 17200, *et. seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorized injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

201.    Defendant engaged and continues to engage in unfair business practices in

California by practicing, employing and utilizing the unlawful practices described above, including (a) failing to pay minimum wage and overtime premiums to Rule 23 California Class members when required to do so under state and federal labor laws; (b) failing to provide lawful meal/rest breaks or premium compensation in lieu thereof; and (c) failing to provide accurate, itemized wage statements.

202.    In addition, the conduct alleged in each of the previously stated causes of action constitutes an unlawful and for unfair business practice within the meaning of Business & Professions Code § 17200, *et seq.*

203.    As a result of Defendant's conduct, Plaintiff and the Rule 23 California Class have been harmed as described in the allegations set forth above.

204.    The actions described above, constitute false, unfair, fraudulent and deceptive business practices within the meaning of California Business & Professions Code § 17200, *et seq.* By and through such unfair, unlawful and/or fraudulent business practices, Defendant obtained valuable property, money and services from Plaintiff and the Rule 23 California Class, and have deprived Plaintiff and the Rule 23 California Class of fundamental rights and privileges guaranteed to all employees under California law.

205.    Defendant was unjustly enriched by the policies and practices described herein, and those policies and practices conferred an unfair business advantage on Defendant over other businesses providing similar services which routinely comply with the requirements of California law.

206.    Plaintiff seeks, on his own behalf, and on behalf of the putative class members, full restitution of all monies withheld, acquired and/or converted by Defendant by means of the unfair practices complained of herein, as necessary and according to proof, and/or disgorgement of all profits acquired by Defendant by means of the acts and practices described herein.

207.    Plaintiff seeks, on his own behalf, and on behalf of the putative class members, an injunction to prohibit Defendant from continuing to engage in the unfair business practices complained of herein. Defendant's unlawful conduct, as described above, unless and until enjoined

and restrained by order of this Court, will cause great and irreparable injury to Plaintiff and all Rule 23 California Class members in that Defendant will continue to violate these California laws unless specifically ordered to comply with the same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

### COUNT X
### RULE 23 NATIONWIDE CLASS ACTION
### BREACH OF CONTRACT

208.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

209.    At all times relevant to this action, Defendant had a binding and valid contract with Plaintiff and every other Rule 23 Nationwide Class member to pay each employee for each hour they worked at a pre-established (contractual) regular hourly rate in consideration of the work duties Plaintiff and the Rule 23 Nationwide Class members performed on behalf of Defendant.

210.    Evidence of these contracts include Defendant's letters offering employment, pay statements, and other documentary evidence in Defendant's possession. Additionally, Defendant made verbal offers for payment at a specified, above minimum wage for Hourly Employee work, which Plaintiff accepted and performed, but Defendant failed to perform by paying Plaintiff and the Rule 23 Nationwide Class the promised wages.

211.    For example, Defendant offered to compensate Plaintiff at a minimum hourly rate, most recently $36.31 per hour, if he agreed to perform services for Defendant as an Hourly Employee. Plaintiff accepted Defendant's offer and performed his duties as an Hourly Employee in reliance on the offer.

212.    Defendant breached its contractual promises by failing to pay Hourly Employees

at their fixed, pre-agreed upon hourly rate for all of the hours worked.

213.    Upon information and belief, each Rule 23 Nationwide Class member, including Plaintiff, was contractually entitled to a minimum hourly rate of approximately $36.31 per hour within the applicable period.

214.    Plaintiff and every other Rule 23 Nationwide Class member accepted the terms of Defendant's contractual promises contained in Defendant's offer letters, and performed under the contracts by doing their jobs and carrying out the work they performed each shift, which included the unpaid off-the-clock work that was required of them in connection with pre- and post-shift work described herein.

215.    By not paying Plaintiff and every other Rule 23 Nationwide Class member the agreed upon hourly wage for all the work they performed each shift in connection with the off-the-clock work described herein, Defendant systematically breached its contracts with Plaintiff and each member of the Rule 23 Nationwide Class.

216.    Defendant can easily ascertain the amount of damages owed to Plaintiff and the Rule 23 Nationwide Class members based on the allegations made in this Complaint (specifically the amount of off-the-clock work claimed each shift) in conjunction with Defendant's payroll records, which will provide the number of shifts worked by each Rule 23 Nationwide Class member.

217.    Plaintiff and the Rule 23 Nationwide Class members' remedies under the FLSA are inadequate in this case to the extent Defendant paid them more than the federally mandated minimum wage of $7.25 per hour, but less than forty (40) hours per week (i.e., pure "gap time" claims for non-overtime hours/workweeks).

218.    Defendant also breached its duties of good faith and fair dealing by failing to keep

track of the time Plaintiff and other Rule 23 Nationwide Class members spent performing off-the-clock activities, which is a fundamental part of an "employer's job."

219.    As a direct and proximate result of Defendant's contractual breaches, Plaintiff and the Rule 23 Nationwide Class members were damaged in an amount to be determined at trial.

## COUNT XI
## RULE 23 NATIONWIDE CLASS ACTION
## UNJUST ENRICHMENT

220.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

221.    This Count is pled in the alternative to Count X, *supra*, pursuant to Fed. R. Civ. P. 8(d)(2)-(3).

222.    At all times relevant to this action, Defendant promised Plaintiff and every other Rule 23 Nationwide Class member a pre-established regular hourly rate in consideration of the work duties Plaintiff and the Rule 23 Nationwide Class members performed for Defendant's benefit.

223.    Plaintiff and every other Rule 23 Nationwide Class member relied upon Defendant's promise for the pre-established regular hourly rate and performed by doing their jobs and carrying out their required work duties.

224.    By not paying Plaintiff and every other Rule 23 Nationwide Class member the agreed upon hourly wage for the off-the-clock work they performed each shift, Defendant was unjustly enriched.

225.    Plaintiff and the Rule 23 Nationwide Class members performed off-the-clock work tasks at the request of and without objection by Defendant.

226.    Defendant received and accepted the above-referenced off-the-clock work services from Plaintiff and every other Rule 23 Nationwide Class member and enjoyed the benefits derived

therefrom.

227.    Despite this, Defendant did not pay Plaintiff and the Rule 23 Nationwide Class members for all of their work.

228.    Upon information and belief, Defendant used the monies owed to Plaintiff and every other Rule 23 Nationwide Class member to finance its various business ventures or pay its equity owners.

229.    Defendant was unjustly enriched by the retention of monies received pursuant to the services Plaintiff and the Rule 23 Nationwide Class performed for Defendant's benefit, without having compensated Plaintiff and the Rule 23 Nationwide Class for the same.

230.    Plaintiff and the Rule 23 Nationwide Class suffered detriment due to Defendant's failure to compensate them for the off-the-clock work described herein, in that Plaintiff and the Rule 23 Nationwide Class were deprived of the ability to utilize that time, effort and their resources in a profitable manner.

231.    As a direct and proximate result of Defendant's actions, Plaintiff and every other Rule 23 Nationwide Class member suffered damages, including but not limited to, loss of wages.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff requests the following relief:

a.   An Order conditionally certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

b.   An Order compelling Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members, and authorizing Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the Collective members of their right to join and participate in this lawsuit;

c.   An Order declaring Defendant violated the FLSA;

d.  An Order declaring Defendant's violations of the FLSA were willful;

e.  An Order certifying this action as a class action (for the Rule 23 California Class) pursuant to Rule 23(b)(3) with respect to Plaintiff's California state law claims (Counts II - IX), pursuant to Cal. Code of Civ. Proc. § 382;

f.  An Order requiring Defendant to pay all minimum, regular, overtime wages and all sums unlawfully withheld from Plaintiff, the FLSA Collective, and the Rule 23 California Class members;

g.  An Order requiring Defendant to pay liquidated damages in an amount equal to the amount of unpaid wages found due and owing;

h.  An Order requiring Defendant to pay damages or statutory penalties according to proof as set forth in California Labor Code §§ 226, 226.3, 1174.5, and 1197.1, and IWC Wage Order No. 4, § 7(A) related to record keeping;

i.  An Order requiring Defendant to pay for statutory and civil penalties pursuant to Labor Code §§ 225.5, 226(e), 558 and 226.3;

j.  An Order requiring Defendant to pay for statutory and civil penalties pursuant to Labor Code §§ 210, 226.7, 512, and 558(a)(1)-(2);

k.  An Order requiring Defendant to reimburse all necessary business expenses Plaintiff and the Rule 23 California Class incurred in direct consequence of their job duties for Defendant and as outlined herein;

l.  An Order requiring Defendant to pay the wages of all Rule 23 California Class members that were terminated or quit as a penalty from the due date thereof at the same rate until paid or until an action therefore is commences, in accordance with Cal. Lab. Code § 203;

m.  Pre-judgment interest as allowed by California Labor Code §§ 218.6, 1194 and 2802(b) and California Civil Code § 3287 and other statutes;

n.  An Order awarding reasonable attorneys' fees, expenses, and costs incurred by Plaintiff in prosecuting this action as required by the FLSA, California Labor Code §§ 218.5, 226(e) and (g), 1194, 2802, and California Code of Civil Procedure § 1021.5;

o.  An Order temporarily, preliminarily and permanently enjoining and restraining Defendant from engaging in similar unlawful conduct as set forth herein;

p.   Restitutionary disgorgement of Defendant's ill-gotten gains into a fluid fund for restitution of the sums incidental to Defendant's violations due to Plaintiff and the Rule 23 California Class members;

q.   An Order appointing a receiver to receive, manage and distribute any and all funds disgorged from Defendant and determined to have been wrongfully acquired by Defendant as a result of violations of California Business and Professions Code § 17200, *et seq.*;

r.   An injunction requiring Defendant to give notice to persons to whom restitution is owed and the means by which they may file for restitution;

s.   An Order designating Plaintiff as representative of the FLSA Collective, the Rule 23 California Class, and the Rule 23 Nationwide Class, and undersigned counsel as class counsel for the same;

t.   An Order declaring Defendant violated California wage-and-hour laws;

u.   An Order certifying this action as a class action (for the Rule 23 Nationwide Class) pursuant to Rule 23(b)(3) with respect to Plaintiff's breach of contract and unjust enrichment claims (Counts X and XI);

v.   An Order declaring Defendant breached its contracts with Plaintiff and the members of the Rule 23 Nationwide Class (or, in the alternative, that Defendant was unjustly enriched) by failing to pay them for mandatory pre- and post-shift work activities described herein at a pre-established (contractual) regularly hourly rate;

w.   An Order granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff, the FLSA Collective, the Rule 23 California Class, and the Rule 23 Nationwide Class the full amount of damages and penalty damages available by law;

x.   An Order requiring Defendant to show cause, if any there be, why it should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to record keeping for Defendant's employees related to same; and

y.   An Order awarding such other and further relief as this Court deems appropriate.

Dated: July 31, 2024                    Respectfully Submitted,

                                        */s/ Kevin J. Stoops*
                                        Kevin J. Stoops
                                        Alana A. Karbal
                                        SOMMERS SCHWARTZ, P.C.

One Towne Square
Southfield, MI 48076
Telephone: (248) 355-0300
Facsimile: (249) 746-4001
Kstoops@sommerspc.com
Akarbal@sommerspc.com

*Attorneys for Plaintiff and the*
*Putative Collective/Class Members*

## JURY DEMAND

Plaintiff KJ Mitschke, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: July 31, 2024                          Respectfully Submitted,

*/s/ Kevin J. Stoops*
Kevin J. Stoops
Alana A. Karbal
SOMMERS SCHWARTZ, P.C.
One Towne Square
Southfield, MI 48076
Telephone: (248) 355-0300
Facsimile: (249) 746-4001
Kstoops@sommerspc.com
Akarbal@sommerspc.com

*Attorneys for Plaintiff and the*
*Putative Collective/Class Members*